Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sherwin David Partowashraf, <br><br> Plaintiff, <br> v. <br><br> Ifood Management Inc. dba Hummus Bar & Grill, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **Jury Trial Demanded** |

Plaintiff Sherwin David Partowashraf ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Ifood Management Inc. dba Hummus Bar & Grill ("Ifood Management") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff equal access to the Hummus Bar & Grill at 18743 Ventura Boulevard in Tarzana, California ("Hummus Bar & Grill").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Ifood Management is a California Corporation with its principal place of

business in Tarzana, California. At all times relevant to this complaint, Ifood Management owned, managed, operated, and/or otherwise was responsible for Hummus Bar & Grill.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Hummus Bar & Grill is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled.

7. Plaintiff suffers from, among other things, scoliosis and degenerative disc disease in Plaintiff's back. These issues create mobility issues, including causing Plaintiff to walk off balance and negatively impacting his stability, which substantially limit major life activities, directly affecting Plaintiff's daily life because of the limits they place on his unassisted mobility.

8. Plaintiff utilizes the services of a trained service animal, a dog.

9. Plaintiff's service animal is specifically trained to help Plaintiff maintain stability as Plaintiff walks and brace Plaintiff when he needs help staying balanced or help getting up.

10. Plaintiff's service animal not only improves Plaintiff's physical abilities, but also increases Plaintiff's independence and confidence.

11. Defendant owns and operates the Hummus Bar & Grill located at 18743 Ventura Boulevard in Tarzana, California.

12. On December 26, 2023, Plaintiff visited the Hummus Bar & Grill to eat with his service animal.

13. When Plaintiff arrived at the Hummus Bar & Grill, a staff member told Plaintiff, in no uncertain terms, that he was not allowed inside with his service animal.

14. Plaintiff calmly informed the employee that he was disabled and that his dog was a service animal.

15. The staff member asked Plaintiff to present a "card" regarding his service animal.

16. Plaintiff tried to explain to the employee that he was not required to present any paperwork or "card" upon demand in order to enjoy full and equal access to a business establishment such as the restaurant.

17. The employee did not seem to care, and, moreover, was poised and assertive in her deliberate discrimination.

18. She told Plaintiff that he would have to sit outside, even though there was ample room inside at the time.

19. The employee's actions greatly frustrated and embarrassed Plaintiff, feeling like he was being treated as a second-class citizen.

20. Defendant's employee further told Plaintiff that their restaurant rating would drop from an "A" to a "B" if they allowed dogs inside the restaurant.

21. Embarrassed and frustrated, Plaintiff decided to give up arguing with Defendant's employee and left the premises. Plaintiff had to find another place to eat with his service dog.

22. The Hummus Bar & Grill is only about 10-15 minutes away from where Plaintiff lives. Plaintiff has dined at the restaurant in the past.

23. Plaintiff would like to return to the restaurant once they stop discriminating against disabled individuals using service animals.

//
//

# FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

24. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

25. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

26. Hummus Bar & Grill is a public accommodation.

27. Hummus Bar & Grill is a restaurant, bar, or other establishment serving food or drink.

28. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

29. Ifood Management has a policy that restricts and denies access to patrons like Plaintiff.

30. Ifood Management's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

31. As a result of Ifood Management's conduct, denying Plaintiff equal access to the Hummus Bar & Grill, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Hummus Bar & Grill.

32. It is readily achievable for Ifood Management to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Hummus Bar & Grill.

33. Ifood Management does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

34. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations

4
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, or attempt to patronize the Hummus Bar & Grill, in light of Ifood Management's conduct.

35. Ifood Management's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

36. Plaintiff seeks injunctive relief as to Ifood Management's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

37. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

38. Ifood Management intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Hummus Bar & Grill.

39. Hummus Bar & Grill is a business establishment.

40. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

41. Ifood Management's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. Plaintiff was harmed.

43. Ifood Management's conduct was a substantial factor in causing Plaintiff's harm.

44. Ifood Management's conduct violated the ADA.

45. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

46. Plaintiff also seeks to enjoin Ifood Management from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Ifood Management from engaging in unlawful discrimination against disabled persons with service animals when visiting the Hummus Bar & Grill, including, specifically, enjoining its policy of denying access to persons with service animals access to the Hummus Bar & Grill without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition to injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: February 8, 2023                    Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff